41504. HATCHER v. GENERAL ELECTRIC COMPANY et al.

ARGUED SEPTEMBER 7, 1965—DECIDED OCTOBER 15, 1965— REHEARING DENIED NOVEMBER 3, 1965.

*Jones, Sparks, Benton & Cork, E. Bruce Benton, C. Baxter Jones,* for plaintiff in error.

*Anderson, Walker & Reichert, Albert P. Reichert, Mallory C. Atkinson, Jr., Miller, Miller & Miller, Wallace Miller, Jr.,* contra.

FELTON, Chief Judge. At the outset it will be necessary to determine just what the issues are which must be decided. Plaintiff in error contends that the only pleading to be con-

sidered is the recompiled petition, filed as an amendment. If this is true no ruling would be necessary on the question whether new causes of action were added by the amendment by way of the recompiled petition. In other words, he claims that the original petition is to be disregarded in considering those questions. If this is correct there could be no addition of a new cause of action by the filing of the recompiled petition. This view is incorrect because the recompiled petition is an amendment and the questions of the additions of new causes of action must be determined by comparing the original petition with the recompiled petition, which we shall do later on in the opinion. The defendants in error contend that in determining these questions the recompiled petition must be compared with the original petition as twice amended. This view is not correct because if the recompiled petition (not *redrafted* petition after rulings on amendments and demurrers were made) omitted allegations made in the two amendments before rulings were made on them, the omission of such allegations was withdrawal of the omitted amendments and they would not be compared with the recompiled allegations. The original petition alleged as follows in counts 1 and 2: "8. The aforesaid fire and the resulting loss and damage to petitioner was caused by the negligent and improper installation in said building of air conditioning equipment which was defective and which was negligently manufactured and designed. 9. The defendant, General Electric Company, hereinafter referred to separately as General, is a well and nationally known manufacturer of electrical equipment, including air conditioning equipment, and owes to the public generally, including petitioner, the duty to exercise due care and skill in the manufacture, design and distribution of its electrical products to the public, and impliedly represents to the public that its products are free from defects which create fire hazards and danger from fire to life and property. *The air conditioning equipment installed in the aforesaid building was designed, manufactured and made available to the public by General.* 10. The defendant, Thompson Company, hereinafter referred to separately as Thompson, is the wholesale distributor for the State of Georgia of the electrical heating and cooling equipment

of General, and is so recognized and dealt with by General and by the purchasers in the State of Georgia of such General products. Thompson is possessed of or is supposed and represented to be possessed of the requisite engineering skill and knowledge of the products of General to plan and promote the sale and distribution of said products, and to advise and consult with the public with respect to the plans and designs which are involved in the use of said products and with respect to the installation and use thereof. Thompson did in fact assist in the planning and designing of, and as such wholesale distributor did distribute and cause to be used, the electrical equipment involved in the aforesaid air conditioning installation. 11. Both General and Thompson knew, or in the exercise of ordinary care should have known, of the defective condition of said equipment and of the danger from fire caused thereby. 12. The defendant, Conditioned Air, Inc., hereinafter separately referred to as Conditioned Air, planned, designed and installed said air conditioning equipment, maintained and serviced the same, was in complete charge of said installation, maintenance and service, and was in fact engaged in servicing and making changes in said system in an effort to make it workable and to perform the use and purpose for which it was purchased, at and immediately prior to the time of said fire. 13. The defendants, General, as the producer, and Thompson, as the Georgia wholesale distributor, were negligent, and their negligence was a proximate cause of said fire, in the following respects: (a) In producing and supplying defective electrical equipment which created a fire hazard and which constituted a danger to life and property; (b) In permitting such defective equipment to be installed by Conditioned Air in petitioner's building; (c) In failing to adequately warn Conditioned Air and petitioner of the danger involved in the installation and use of said equipment; (d) In failing to adequately and properly advise Conditioned Air with respect to the installation of said equipment; (e) In failing to provide adequate safeguards against fire from the installation and use of said defective equipment. 14. Defendant, Conditioned Air, was negligent and its negligence constituted a proximate cause of said fire loss, in the following respects: (a) In

using and permitting the use of equipment which constituted a fire hazard; (b) In failing to comply with the national electrical or Macon electrical codes in the electrical installation in the vicinity of the duct heating elements for the following reasons: (1) The 230 volt conductors supplying the heating elements were not enclosed in conduit. (2) The splices made between conductors were not installed in metallic boxes, and were not insulated. (3) The connections to the controlling relays and the heating elements were not made in a metallic enclosure. (c) In poorly accomplishing the installation of the heating elements in the duct work with respect to the location of the opening made in the side of the duct, the ragged edges, and the method of support, the presence of a steel bar across the top of the element supports tending to cause the lower portion to contact the duct; (d) In failing to leave adequate electrical clearances between the lower portion of the No. 2 heating element and the bottom of the duct, establishing a partial or high resistance contact with the duct; (e) In failing to provide protection, electrically, other than the 6-ampere fuses in the safety switches, which would not melt until at least 6900 watts of heat was developed at 115 volts. 15. The foregoing acts of negligence of General, Thompson and Conditioned Air concurred to cause the said fire loss."

■ The recompiled petition does not state a new and distinct cause of action when viewed in light of allegations of the original petition. The allegation in the recompiled petition that Thompson Company was the agent of General Electric does not change the cause of action for the reason that merely designating a party as a "distributor" does not import either agency or an independent contractor relationship as it does not disclose whether the employer exercises control over the one employed. The allegation is in the nature of a duplicitous one and in the absence of a special demurrer specifically pointing out the defect the plaintiff could have shown liability on either premise if the facts so warranted. If there had been a demurrer here based on uncertainty or duplicity an amendment electing to allege agency would not have been the adding of a new cause of action. This is especially true here in view of the allegations of the

duties and practices of the distributor in the original petition. The court erred in sustaining Thompson Company's objections to that part of the recompiled petition which substituted the allegation of "agency" for "distributorship," the latter of which was contained in the original petition.

■ The recompiled petition did not add a new and distinct cause of action in alleging negligence of Thompson Company as consisting in part of authorizing and approving the installation of the heater in an inadequate duct. Here again we have duplicitous allegations in the original petition. There, Conditioned Air and Thompson Company are charged with designing the duct installation. As stated before, none of the demurrers to the allegations of the recompiled petition related to allegations in the amendments not included in the recompiled petition are being considered because when these allegations are withdrawn they are beyond the reach of demurrers. If there are duplicitous allegations in the recompiled petition there is no demurrer as to uncertainty or duplicity and there is no demurrer objecting to two inconsistent theories of liability in the same count. The court erred in sustaining Thompson Company's objection to the recompiled petition on this ground.

■ This court cannot say as a matter of law that the allegations of the failure of Thompson Company (and Conditioned Air, Inc.) to inspect and test the replacement relay switches which were furnished to replace the original relay switches which it had been notified *might be defective,* whether the alleged defects were latent or patent, did not constitute negligence. This is true assuming that it would not have been obliged to inspect the original relay switches because it had a right to rely on the manufacturer's warranty of an article delivered and to be sold for use in an original package. As to General, this point is immaterial, as it would be liable for defective manufacture, but it is relevant as to Thompson Company because it would be liable if it had a duty to inspect the replaced relays when it would not be liable if it had no such duty, that is, not liable as to injury resulting solely from negligent manufacture, which would be General's responsibility.

■ The fact that Conditioned Air, Inc., failed to inspect the

replacement relays after being notified that the original ones might be defective does not insulate General or Thompson Company from liability. The failure of Thompson Company and Conditioned Air, Inc. to inspect, if it was their duty to do so, would be concurring negligence, rendering all of the defendants liable. The cases cited on the subject of insulation of manufacturers are cases where another party had *actual knowledge* of the defective manufacture and undertook to make repair thereof and failed to do so. Mere constructive knowledge is not sufficient to provide insulation of the manufacturer. The rationale of the law is that in case of actual knowledge of the defective manufacture and attempt to repair by a third party the proximate cause of injury or damage is the negligent repair, not the negligent manufacture.

■ It was error to sustain the general demurrers of General Electric and Thompson Company. The recompiled petition contained allegations of negligence sufficient to authorize a finding, if proved, that these parties were guilty of concurring negligence in the defective manufacture of the relay switches by General Electric, failure to inspect and test the replacement relays by Thompson Company, the recommending by Thompson Company, individually and as agent for General, of the use of an inadequate duct. No allegations negative this conclusion or that one or more contributed to the fire. The petition does not show on its face that the sole proximate cause of the fire was the negligent installation of the equipment in that the duct recommended was adequate and that properly installed in a properly installed duct, the defective relay switches would not have caused the fire.

■ The original petition contained enough to amend by. *Code* § 81-1302; *Ellison v. Georgia R. &c. Co.*, 87 Ga. 691, 707 (13 SE 809).

The court erred in sustaining the general demurrer of the General Electric Company and in sustaining the objections, special and general demurrers of Thompson Company.

*Judgments reversed. Jordan and Deen, JJ., concur.*